UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MARK H. MERVIS,                      )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )    No. 2:09-CV-45
                                     )
TRIAD PACKAGING, INC.,               )
                                     )
    Defendant.                       )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Triad Packaging, Inc.'s ("Triad") motion for summary judgment, [Doc. 10]. The plaintiff has responded, Triad has filed a reply memorandum, and the matter is ripe for review. The defendant frames the issue as whether the plaintiff has made out a *prima facie* case of age discrimination, considering he was not "replaced" by a person under the age of 40 after his termination due to a reduction in force. The defendant further argues that, even assuming the plaintiff has made out a *prima facie* case, it is still entitled to summary judgment because it had a legitimate, nondiscriminatory reason for the termination. Further, Triad argues that the plaintiff has failed to show that it's reason for the termination was a pretext for age discrimination. For the reasons that follow, the defendant's motion is **GRANTED**.

## I. FACTS

The facts are viewed in the light most favorable to the plaintiff and are set forth below.[1] Mervis began working for the defendant in October 1999 as a sales representative. The parties agree that Mervis was responsible for some customers who were Triad customers prior to Mervis being hired. He also brought in new customers, the largest of which was a company that Mervis had worked for previously. Mervis added to the bottom line of Triad while employed there, and in addition to sales, helped Triad obtain an $85,000 settlement from a lawsuit.

In 2006, Triad hired Clint Estep ("Estep"), age 20, as a graphic designer. Designers worked with sales representatives and customers to provide technical expertise. Estep accompanied Mervis on sales calls, and Mervis "show[ed] Estep the ropes." The parties disagree as to Estep's role. Mervis claims he was instructed by Triad management to, more or less, train Estep to be a sales representative. Triad claims that Estep was technical support for sales representatives only and that he accompanied other sales representatives as well.

Estep continued to accompany Mervis on sales calls until Mervis's

---

[1]This Court notes that neither party followed this Court's Scheduling Order regarding separate filings of Statements of Undisputed Material Facts. The defendant must have recognized this and filed a separate statement over one month after filing its motion. This statement should have accompanied the motion, and the plaintiff should have separately filed its response. Despite not following this Court's Scheduling Order in this regard, the Court has gleaned the facts from the record in the light most favorable to the plaintiff.

termination at the end of February 2008. At the time of his termination, Mervis was 47 years old. Again, the stories diverge as to Estep's role with Triad subsequent to Mervis's termination. Mervis claims he was fired for his age and that Estep replaced him as a sales representative. Mervis supports this claim with Triad documents showing Estep made some sales.[2] He also attached two affidavits from prior Triad customers who claim that Estep took over their accounts when Mervis was terminated.

Triad, however, claims that Estep remained a designer, that Mervis was not fired because of his age, and that Mervis was not replaced at all, let alone by Estep. Triad asserts that Estep never received sales commissions as do sales representatives. Further, Triad contends that Mervis was terminated as a reduction in force due to the global recession. Triad asserts that to combat increased costs and reduced revenue, a negative net income for the last three quarters of 2007, Triad did not replace five employees who had left for various reasons. In addition, Triad determined that layoffs were necessary, and the company terminated Mervis and a 27-year-old designer.

---

[2]The documents also show that other Triad employees, namely Amy Shillito and Tina Hogue, also made sales to customers. Tina Hogue, at the time of Mervis's termination, was Triad's marketing manager, and she was not paid as a sales person. Amy Shillito, who was hired at an hourly rate, performed various tasks, including some sales work. Triad claims she was not hired to replace Mervis.
This Court notes that the Complaint does not allege that either Amy Shillito or Tina Hogue replaced the plaintiff.

The decision to terminate Mervis, according to Triad, was a business decision based on contribution figures[3] and a failure to bring in as much new business as the other sales representatives. Triad states that Mervis underperformed the two other sales representatives, who consisted of Charles Byrne and Mark Shake, both of whom were over the age of 40 at that time.[4] Triad further claims that Mervis's accounts were absorbed by "others in the sales force." Moreover, Estep remained a designer and was himself laid off at a later time because the business did not grow.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge

---

[3] According to Triad, "[c]ontribution measures roughly the difference between the revenue generated and the cost of the products sold."

[4] Triad also contends that Lee Shilito, Triad's President, performed some sales in addition to running the company. His contribution figures were lower than Mervis's.

the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256.

Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

### III. ANALYSIS

First, Triad argues that Mervis cannot establish a *prima facie* case of age discrimination because Mervis cannot establish that he was replaced by a younger individual. In addition, as part of a reduction in force, Mervis offered no additional evidence indicating Triad singled him out or discharged him for impermissible reasons. Finally, Triad argues that, even assuming Mervis has established a *prima facie* case of age discrimination, Triad had a legitimate, nondiscriminatory reason for the termination and that Mervis has not shown that this reason was a mere pretext. The Court will discuss each issue in turn after setting forth applicable legal principles.

A plaintiff may establish an age discrimination claim by offering either direct or circumstantial evidence of age discrimination. *See Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). Mervis offers no direct evidence of age discrimination. The United States Supreme Court has set forth a burden-

shifting analytical method for determining whether a plaintiff can make out a claim of age discrimination using circumstantial evidence in *McDonnell Douglas Corp. v. Greene*, 411 U.S. 792 (1973). Under the modified *McDonnell Douglas* framework, a plaintiff must first establish a *prima facie* case by showing that (1) he was a member of the protected class, (2) he was subjected to an adverse employment action, (3) he was qualified for the particular position and (4) he was replaced by a younger person. *See Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir. 1998).

This framework is further modified if a plaintiff is discharged in connection with a reduction in force. When a workforce reduction is a factor in the decision to terminate, a plaintiff "does not make out a *prima facie* case absent additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990).

A workforce reduction occurs when business considerations cause an employer to eliminate one or more positions within the company. "An employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge." *Id.* An employee is not replaced when his or her duties are assigned or redistributed to another employee or employees already performing related work. *Id.*

If the plaintiff makes out a *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas,* 411 U.S. at 802. Then, should the defendant carry this burden, the plaintiff must have the opportunity to prove by a preponderance of the evidence that the legitimate reason(s) offered by the defendant were not its true reason(s), but were a pretext for discrimination. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-253 (1981).

First, the parties disagree as to whether Mervis was "replaced" by Estep. The modification to the analytical framework, i.e. "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons," *Barnes*, 896 F.2d at 1465, is not made unless there is a reduction in force. As just stated, the parties disagree as to whether there was an actual reduction in force. The plaintiff even alleges that instead of decreasing the sales force, Triad increased the sales force. Further, the plaintiff attached Triad's documents which show that other younger individual's, including Estep, made sales. In addition, two clients state in their affidavits that Estep took over their accounts when the plaintiff left. Considering that this Court must take the facts in the light most favorable to the plaintiff, this Court concludes that there is a genuine issue of material fact as to whether Estep "replaced" Mervis. As such, Triad is not entitled to

summary judgment regarding plaintiff's *prima facie* case. The motion in that regard is **DENIED**.

Second, Triad offers its legitimate, nondiscriminatory reason for the termination. It claims that as part of a reduction in force, it terminated Mervis because other sales representatives outperformed him and brought in more new clients. Thus, the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the legitimate reason(s) offered by the defendant were not its true reason(s), but were a pretext for discrimination. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-253 (1981). The plaintiff's response does not address this issue at all, much less offer any evidence that Triad's reasons were not true. In order to make out a case for pretext, the plaintiff must show:

> Either (1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate his discharge, or (3) that they were *insufficient* to motivate discharge.

*Manzer v. Diamond Shamrock Chemicals Co.*, 29 F. 3d 1078, 1084 (6th Cir. 1994) (quoting *McNabola v Chicago Transit Authority*, 10 F. 3d 501, 513 (7th Cir. 1993)).

More specifically, Triad set forth the contribution numbers of the other sales representatives, those employees who Triad claims were actually designated as sales representatives. Mervis's numbers were lower according to this data. In addition, Triad claims that the other representatives brought in more new clients.

Mervis offers nothing to show that these reasons had no basis in fact, did not actually motivate his discharge, or were insufficient to motivate the discharge. *Id.* Again, Mervis does not address the issue at all. Mervis merely asserts, in the context of the Complaint and the argument regarding his *prima facie* case, that he was replaced by Estep and terminated because of his age.[5] Considering the burden shifting framework, this Court cannot find that there is a genuine issue of fact that the reasons articulated by Triad were a pretext for age discrimination. As such, Triad's motion is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, Triad's motion is **GRANTED**, and the case is hereby **DISMISSED WITH PREJUDICE**.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[5] This Court can assume that Mervis may argue that Estep's contributions, or even Shillito's and Hogue's contributions, are lower than his. However, the record shows that they had other job duties, and Mervis offers nothing to dispute Triad's assertion in this regard. Thus, Mervis still has not offered any evidence to show that Triad's reason had no basis in fact, did not actually motivate his discharge, or was insufficient to motivate the discharge. In addition, because of other duties, any alleged failure of these employees to bring in new business likewise does not show Triad's reasons were a pretext.